IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**ANTHONY TINO AVERY,**<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:00CR587DAK |

　　　　Defendant, Anthony Tino Avery, has filed a motion for termination of his remaining supervised release. Defendant was sentenced to sixty-three months incarceration and a term of thirty six months of supervised release. Defendant is currently serving his supervised release, which is not set to terminate until March 25, 2011.

　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed

to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant sent in positive letters from his girlfriend and employer demonstrating that he has turned his life around and is currently drug-free, employed, and in a stable relationship.  Defendant also submitted a letter indication that he completed a drug treatment program on October 21, 2009.  These letters indicate that Defendant is on the right path.  In addition, the court contacted Defendant's Probation Officer who stated that Defendant has had significant improvement within the last six months.

The court, however, has concerns with respect to Defendant's previous difficulties during the supervised release period.  There are indications in the docket that Defendant tested positive for narcotics at one of his supervised release appointments in the Fall of 2008.  While the court does not want to diminish the significance of Defendant's more recent turnaround, the court believes that the nature of Defendant's offense and his personal circumstances justified a lengthy period of supervised release and continued supervision will help ensure that Defendant continues along the right path consistently for at least a full year before his supervision is terminated.  The court applauds Defendant for his current conduct but concludes that Defendant's motion is premature at this time.  The court, however, is willing to consider a similar motion in six months.  Defendant's motion to terminate supervised release  is denied at the present time.

DATED this 8th day of January, 2010.

*[signature: Dale A. Kimball]*
DALE A. KIMBALL
United States District Judge