# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY TINO AVERY,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:00CR587DAK |

Defendant, Anthony Tino Avery, has filed a motion for termination of his remaining supervised release. Defendant was sentenced to sixty-three months incarceration and a term of thirty-six months of supervised release. Defendant is currently serving his supervised release, which is scheduled to terminate on March 25, 2011.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed

to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant previously filed a motion to terminate his supervised release in January 2010. In connection with that motion, Defendant submitted letters from his girlfriend and employer demonstrating that he has turned his life around and is currently drug-free, employed, and in a stable relationship. Defendant also submitted a letter indicating that he completed a drug treatment program on October 21, 2009. At that time, the court contacted Defendant's Probation Officer who stated that Defendant has had significant improvement within the last six months. Because the court had concerns with respect to Defendant's previous difficulties during the supervised release period, the court denied the previous motion as premature. The court, however, stated that it would consider a similar motion in six months.

Defendant's new motion to terminate supervised release indicates that he has had no negative incidents in the subsequent months and has continued to move forward in a positive, law-abiding manner. The court has again contacted Defendant's probation officer, who stated that he supports termination because Defendant's recent conduct. He noted that Defendant has had a remarkable turnaround and has taken responsible steps to deal with his pain management issues. The court, therefore, grants his request for early termination of supervised release.

DATED this 29th day of June, 2010.

_____
DALE A. KIMBALL
United States District Judge